IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KARL SHACKELFORD | § | |
| v. | § | CIVIL ACTION NO. 6:13cv742 |
| JOSEPH MURPHY, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Karl Shackelford, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 apparently complaining of the legality of a conviction for failure to wear a seat belt. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Shackelford was cited for failure to wear a seat belt on January 30, 2013. He states that he received orders to appear in court on March 4, March 8, April 17, and April 24, 2013, and eventually did show up in court. He had a jury trial, but was convicted. Shackelford appealed the conviction to thee Twelfth Judicial District Court of Appeals, which dismissed the appeal for want of jurisdiction because municipal court convictions are appealed to county court and not the Court of Appeals.

After review of Shackelford's petition, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge observed that Shackelford failed to show that he had exhausted his state remedies by presenting his claims to the Texas Court of Criminal Appeals in a procedurally proper manner, Shackelford failed to show that he was "in custody" as a result of the conviction for not wearing a seat belt, and Shackelford failed to show that he had satisfied

$400.00 in sanctions imposed on him by the Northern and Eastern District of Texas, the satisfaction of which was a prerequisite to his filing any civil actions in federal court.

Shackelford filed objections to the Magistrate Judge's Report on November 7, 2013. In his objections, he argues first that his state remedies have been exhausted because he was released from the Smith County Jail. As the Magistrate Judge explained, however, exhaustion of state remedies involves the presenting of claims to the highest court for the State of Texas. Morris v. Dretke, 413 F.3d 484, 490 (5th Cir. 2005). Shackelford has not shown that he has done so.

Next, Shackelford says that he meets the "in custody" requirement because he was "jailed/arrested for docket call." The exhibit he attaches shows that he was booked into jail on a seat belt charge on June 20, 2013, and released on June 22. His petition is dated September 13, 2013, almost three months after his release. Shackelford fails to show that he is "in custody" as a result of this charge or that a two-day incarceration in county jail on a seat belt charge carries collateral consequences satisfying the "in custody" requirement. See Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926 (1989); Hendrix v. Lynaugh, 888 F.2d 336, 337 (5th Cir. 1989). Shackelford's contention on this point is without merit.

Finally, Shackelford argues that the sanctions imposed on him were "wrongful." However, he has not shown that these sanctions have been set aside by the court which imposed them or a superior court. Until the sanctions are set aside, this Court is bound to honor and enforce them. Shackelford's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus be and hereby is **DISMISSED** with prejudice. It is further

**ORDERED** that the Petitioner Karl Shackelford is hereby **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

**It is SO ORDERED.**

**SIGNED this 15th day of November, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE